UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Chief Judge David F. Hamilton |
| ALANAR, INC., et al., | Civil Action No. 1:05-cv-01102-DFH-TAB |
| Defendants, | Magistrate Judge Tim A. Baker |
| and | |
| CHURCHMEN'S INVESTMENT CORPORATION, et al., | |
| Relief Defendants. | |

**FINAL JUDGMENT AS TO**
**DEFENDANT VAUGHN A. REEVES, SR.**

Plaintiff, the United States Securities and Exchange Commission ("Commission"), having filed a Complaint and Defendant Vaughn A. Reeves, Sr. ("Defendant Vaughn Reeves") having entered a general appearance, consented to the Court's jurisdiction over Defendant Vaughn Reeves and the subject matter of this action, consented to entry of the Court's July 26, 2005 Order of Permanent Injunction and other Relief ("Order of Permanent Injunction") without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law and waived any right to appeal from the Order of Permanent Injunction, and the Court having found in its Entry on Plaintiff's Motion for an Order of Disgorgement, Prejudgment Interest, and Civil Penalties against the Reeves Defendants (Doc.

#383) that Defendant Vaughn Reeves be ordered to pay disgorgement of $2,862,191 plus prejudgment interest thereon and a $120,000 civil penalty:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Vaughn Reeves and Defendant Vaughn Reeves' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Vaughn Reeves and Defendant Vaughn Reeves' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Vaughn Reeves is liable for disgorgement of $2,862,191, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $653,205, for a total of $3,515,396. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through any other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion, Defendant Vaughn Reeves may assert any legally permissible defense.

Payments made pursuant to this order of disgorgement and prejudgment interest shall be made by delivering a certified check, bank cashier's check, or United States postal money order payable to "Bradley W. Skolnik, Alanar Receiver", at Stewart & Irwin PC, 251 E. Ohio, Suite 1100 Indianapolis, Indiana 46204. Payments shall be accompanied by a cover letter identifying

Defendant Vaughn Reeves as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment.  Defendant Vaughn Reeves shall simultaneously transmit a photocopy of such payment and letter to the Commission's counsel of record in this action.  Defendant Vaughn Reeves relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Vaughn Reeves.  Defendant Vaughn Reeves shall pay post-judgment interest on any delinquent payments pursuant to 28 U.S.C. § 1961.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Vaughn Reeves shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].  Defendant Vaughn Reeves shall make this payment within ten business days after entry of this Final Judgment.  Payments under this paragraph shall be made to the Receiver by delivering a certified check, bank cashier's check, or United States postal money order payable to "Bradley W. Skolnik, Alanar Receiver" to Stewart & Irwin PC, 251 E. Ohio, Suite 1100 Indianapolis, Indiana 46204.  Payment shall be accompanied by a cover letter identifying Defendant Vaughn Reeves as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment.  Defendant Vaughn Reeves shall simultaneously transmit a photocopy of the payment and letter to the Commission's counsel of record in this action.  Defendant Vaughn Reeves shall pay post-judgment interest on any delinquent payments pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the civil penalty paid by Defendant Vaughn Reeves subject to the Court's approval. Such a plan may provide that the civil penalty paid by Defendant Vaughn Reeves shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7246], which provides that civil penalties may be distributed to injured investors, rather than paid to the U.S. Treasury, in accordance with a court-approved plan of distribution of investor funds ("Fair Fund distribution"). The civil penalty amount may not be used for any purpose other than for a Fair Fund distribution to injured investors.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Vaughn Reeves shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Vaughn Reeves' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Vaughn Reeves' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Vaughn Reeves shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Vaughn Reeves by or on

behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposed including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED, this 19th day of May, 2008.

_David F. Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

**S**ERVICE **L**IST

John J. Sikora, Jr.
Jason A. Howard
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
sikoraj@sec.gov
howardja@sec.gov

Michael J. Rusnak
David I. Rubin
HARRISON & MOBERLY, LLP
mrusnak@h-mlaw.com
drubin@h-mlaw.com

Bradley W. Skolnik
STEWART & IRWIN, P.C.
bskolnik@silegal.com

H. James Maxwell
hjmesq@kc.rr.com

Gordon Toering
WARNER, NORCROSS & JUDD LLP
gtoering@wnj.com

Joshua D. Hague
KRIEG DEVAULT
jdh@kdlegal.com

Mark J.R. Merkle
KRIEG DEVAULT
mmerkle@kdlegal.com

Nicholas Anthony Miller
INDIANA STATE ATTORNEY GENERAL
nmiller@atg.state.in.us

Vaughn A. Reeves, Sr.
5243 Terrace Ridge Drive
Milford, OH 45150
vre1034239@aol.com

Vaughn A. Reeves, Jr.
900 Hillside Drive
Sullivan, IN 47882
ctreeves@zoomtown.com

**SERVICE LIST (continued)**

Jonathan Christopher Reeves
936 Terrace Hills Drive
Milford, OH 45150
jc3reeves@yahoo.com

Joshua C. Reeves
5243 Terrace Ridge Drive
Milford, OH 45150
joshua_c_reeves@yahoo.com

Thomas E. Clay
CLAY, KENEALY, WAGNER & ADAMS
462 South Fourth Street
Louisville, KY 40202
tclay@tclaylaw.com