UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:05-cv-1102-DFH-TAB |
| ALANAR, INC., et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| CHURCHMEN'S INVESTMENT CORPORATION, et al., | ) ) ) | |
| Relief Defendants. | ) | |

ENTRY ON BONDHOLDER COMMITTEE'S MOTION
FOR ATTORNEY FEE AWARD

The Bondholder Committee Intervenors have moved for an award of attorney fees for the Committee's attorneys, to be paid from the receivership estate. The motion is denied because the Committee agreed when it sought intervention not to seek such fees.

When the Committee originally moved to intervene on January 3, 2006, it stated its intention to seek attorney fees paid from the receivership estate. Docket No. 79. The SEC and the court-appointed receiver opposed intervention, arguing among other things that the prospect of fee awards for the intervenors would

unnecessarily drain the receivership estate.  Docket No. 89 at 8-9.  In the reply brief (Docket No. 94), the Committee responded to that objection by withdrawing the request for fees.  Because the Committee's new request tries to avoid the effect of that withdrawal, the court quotes the Committee's own language:

- "As set forth below, Intervenors are withdrawing their request for reimbursement of attorney's fees."  (page 2)

- "In order to avoid procedural issues, Intervenors are prepared to stipulate that they will not:

    a. seek to participate, in contravention of Section 21(g) of the Securities Exchange Act of 1934 ('Exchange Act') [15 U. S. C. § 78u(g)], in the 'enforcement action' brought by the SEC,
    b. seek to consolidate or coordinate any other action or recover damages, restitution or any other relief from any of the Defendants, in contravention of Section 21(g) of the Exchange Act [15 U. S. C. § 78u(g)], or
    c. seek to recover attorneys' fees or expenses.

    Intervenors will withdraw Paragraph 7 of Intervenors' Complaint and the corresponding provision in the prayer seeking reimbursement of attorney's fees and otherwise conform to any agreed upon stipulation or order of this Court."  (page 3)

- "Intervenors have agreed to withdraw that request for reimbursement of attorney's fees."   (page 13)

Upon consideration of the briefs, including these assurances from the committee, Judge Tinder granted the motion to intervene.  His entry did not address any arguments concerning possible attorney fees for the intervenors.  See Docket No. 155.

Counsel for the intervening Committee proceeded to work on the case, having billed 424.1 hours at $200 per hour from July 1, 2005 through August 31, 2007, plus expenses, for a total bill of $87,068.54. This work went forward without any indications to the court that the Committee might have changed its mind about its earlier commitment.

On June 18, 2008, the Committee submitted its motion for payment of its attorney fees incurred through August 31, 2007. The SEC has opposed the motion, arguing (a) that the Committee and its attorneys should be held to their 2006 withdrawal of any request for fees from the estate, and (b) that the Committee has not shown sufficiently that its attorneys' work has benefitted the estate.

To justify the about-face, the Committee implies that Judge Tinder left the door open for such a request. The Committee points out that Judge Tinder allowed intervention "without imposing a limitation on the payment of fees and expenses." Of course not. The intervenors had withdrawn their request for fees and had promised not to seek them. The reply brief had taken that issue off the table, so there was no need for Judge Tinder to mention it.

The Committee also suggests that the language quoted above about being "prepared to stipulate" that it would not seek attorney fees was only an offer that was never accepted by the SEC, leaving the Committee free to pursue fees now.

-3-

The problem is that the Committee made the statement not in a settlement offer but in a brief in support of its motion to intervene. To the extent the Committee seeks now to focus on the verb tense – only "are prepared to stipulate" – that argument ignores the other language quoted above: "are withdrawing" the fee request, "will withdraw" the fee request, and "have agreed to withdraw" the fee request. Parsing the language as closely as the Committee parses the "prepared to stipulate" phase, one sees that the Committee thus managed to cover the present, future, and past in the same document. The only reasonable way to read the reply brief was as a commitment to the court, not merely an offer to the SEC, not to seek fees from the receivership estate.

The court has noted that the Bondholders Committee's attorneys have done more work than they originally intended, and the court is certainly prepared to accept the claim that the attorneys' work has benefitted the estate. But the court sees no reason to relieve the Bondholders Committee of its commitment that it made to neutralize one of the arguments against allowing intervention in the first place.

Accordingly, the Bondholders Committee's motion for an award of attorney fees is hereby denied.

    So ordered.

Date:  August 8, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Joshua D. Hague
KRIEG DEVAULT LLP
jdh@kdlegal.com

Jason Adam Howard
U.S.SECURITIES AND EXCHANGE COMMISSION
howardja@sec.gov,jahoward@sbcglobal.net

H. James Maxwell
hjmesq@kc.rr.com,hjmesq@sbcglobal.net

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Nicholas Anthony Miller
INDIANA STATE ATTORNEY GENERAL
nmiller@atg.state.in.us,nicholas_miller@1stcounsel.com

David I. Rubin
HARRISON & MOBERLY
drubin@h-mlaw.com,acooper@h-mlaw.com

Michael Joseph Rusnak
HARRISON & MOBERLY
mrusnak@h-mlaw.com,vbasile@h-mlaw.com

John Joseph Sikora, Jr.
U.S. SECURITIES & EXCHANGE COMMISSION
sikoraj@sec.gov,jsikora621@yahoo.com

Bradley W. Skolnik
STEWART & IRWIN
bskolnik@stewart-irwin.com

-6-

Gordon J. Toering
WARNER NORCROSS & JUDD LLP
gtoering@wnj.com

Charles L. House
P.O. Box 26565
1100 Main
Kansas City, MO 64196

Jonathan Christopher Reeves
207 E. Washington Street
Sullivan, IN 47882-1544

Joshua Craig Reeves
5243 Terrace Ridge DR
Milford, OH 45150-5019

Vaughn A. Reeves, Jr.
900 Hillside Drive
Sullivan, IN 47882

Vaughn A. Reeves, Sr.
5243 Terrace Ridge Drive
Milford, OH 45150-5819