UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>  v.<br><br>ALANAR, INC., *et al.*,<br><br>         Defendants. | ) ) ) ) ) ) CASE NO. 1:05-cv-1102-DFH-TAB ) ) ) ) ) |

ENTRY ON INTERVENORS' MOTION TO ALLOW LITIGATION IN FLORIDA

Intervenors Iglesia Cristiana El Buen Samaritano, Inc. and Regions Bank have moved for an order from this court granting them relief from part of an earlier order. The intervenors seek to file a lawsuit against the Receiver and two receivership entities in Florida to rescind mortgages that the receivership entities hold on real estate in Florida. This court's amended order establishing the receivership (Docket Entry 131) requires intervenors to obtain the Receiver's permission to commence an action against the Receiver. The Receiver will consent to suit only in the Southern District of Indiana. The court grants the motion for the reasons explained below.

*Facts*

Intervenor Iglesia is a not-for-profit corporation in Miami-Dade County in Florida that owns adjoining parcels adding up to 13.7 acres. In 1996, 1997, and 2003, Iglesia issued bonds in amounts totaling $4,425,000. Those bonds were secured by mortgages held by The Liberty Group, Inc. and Guardian Services, LLC. Liberty and Guardian were part of a network of entities run by Alanar, Inc. and members of the Reeves family, who were engaged in a broad fraudulent scheme that has inflicted painful financial losses on thousands of investors, many of whom based their retirements on these investments.

On December 20, 2005, this court has appointed Receiver Bradley W. Skolnik to marshal available assets for the benefit of creditors, including the thousands of bond investors, and to wind up the affairs of the Alanar entities, including Guardian and Liberty.

Previously, in December 2004, Iglesia wanted to refinance the Liberty and Guardian mortgage loans and obtained a loan of $3,650,000 from Regions Bank to do so. Iglesia and Regions Bank received a payoff letter from Liberty saying that the total payoff amount for the Liberty and Guardian mortgages would be $3,296,228.00 through February 15, 2005. On February 15, 2005, the refinancing transaction closed. Regions Bank made its loan of $3,650,000 to Iglesia, and $3,296,228 was wired to Liberty and Guardian. Liberty and Guardian did not, however, release their prior mortgages on the Iglesia property in Florida.

After his appointment, the Receiver reviewed the transaction, and he asserts that the stated payoff amount for the Iglesia refinancing was too low by approximately $1,100,000. He asserts that this low amount was provided at the direction of one of the Reeves responsible for the overall fraudulent scheme here. Having taken over the business of Liberty and Guardian to wind up their affairs, the Receiver has continued to refuse to release the mortgages on the Iglesia property in Florida.

*Analysis*

The issue here is not the merits of the dispute over the refinancing and whether Iglesia and Regions are entitled to release of the Liberty and Guardian mortgages. The issue is where the dispute should be resolved. Iglesia proposes to file suit in the Southern District of Florida against Liberty, Guardian, and the Receiver. The proposed suit alleges that the Liberty and Guardian mortgages are a cloud on the title. The proposed suit seeks to quiet title by a court-ordered release of the mortgages and/or an order of specific performance requiring execution of instruments releasing the mortgages. Iglesia asserts that its proposed action is "local" in nature, rather than "transitory," so that the only proper venue for its action is in Florida where the property is located. The Receiver opposes the motion and argues that Iglesia should be required to seek relief before this court in Indiana, where the Receiver is located, and where virtually all of his efforts are centered. The Receiver contends that the proposed

suit is "transitory" in nature, so that venue is proper in Indiana according to the terms of 28 U.S.C. § 1391.

The distinction between local and transitory actions traces its American roots back to Chief Justice Marshall's decision while riding circuit in *Livingston v. Jefferson*, 15 Fed. Cas. 660 (No. 8411) (C.C. Va. 1811), a suit against former President Thomas Jefferson. Livingston alleged that President Jefferson had improperly ordered federal marshals to eject Livingston and his laborers from land along the Mississippi River in New Orleans. Livingston brought suit for trespass not in New Orleans but in Virginia, where Jefferson was living. Drawing on English precedents, Chief Justice Marshall held that the suit was local in nature, so that venue in Virginia was not proper.[1]

Since *Livingston*, the distinction between local and transitory actions has had a complex and inconsistent history. That history is reviewed in detail in Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3822 (3d 2007), and in the Seventh Circuit's decision in *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, 743 F.2d 503 (7th Cir. 1984), and will not be repeated here. In view of the centuries of debate over the problem, this court will not attempt to lay out a comprehensive theoretical basis for applying the rule, let alone one that would explain all of the conflicting case law.

---

[1] Chief Justice Marshall was joined by District Judge John Tyler, the father of the future President John Tyler.

The best way to resolve these problems is to focus on the nature of the relief the plaintiff seeks. *Raphael J. Musicus, Inc.*, 743 F.2d at 506; *McAdoo v. Union Nat'l Bank of Little Rock*, 558 F.2d 1313, 1317 (8th Cir. 1977) (characterization as local or transitory "depends primarily on the nature of the relief sought," not on "some other relief which [plaintiff] might have sought"). The intervenors in this case have submitted their proposed complaint. It shows that the principal relief they seek is a judicial determination that the Guardian and Liberty mortgages on the Florida property have been satisfied and are no longer valid liens on the property. In other words, they seek to quiet the title to the Florida property. The Receiver argues, however, that sufficient relief could be obtained in this court, operating against the Receiver personally, such as through an order to the Receiver to execute and file documents releasing the mortgages on the Florida property. The court is not persuaded by the Receiver's argument on this point, and concludes instead that the proposed complaint seeks relief that would operate *in rem*, making the proposed action a local action that belongs in Florida. See *Raphael J. Musicus, Inc.*, 743 F.2d at 509 (characterizing action as transitory based on plaintiff's choice of relief sought: "It is not, therefore, for us to second-guess the plaintiff's choice of remedy.").

It is well established that an action to foreclose a mortgage is a local action that must be filed where the real estate is located. See, *e.g.*, *Kavouras v. Fernandez*, 737 F. Supp. 477, 478 (N.D. Ill. 1989) (Shadur, J.) ("It has long been understood that mortgage foreclosure actions are classic examples of what have

historically been characterized as 'local' as contrasted with 'transitory' actions."), citing Wright & Miller, § 3822; see also *Mann v. Hanil Bank*, 900 F. Supp. 1077, 1095-96 (E.D. Wis. 1995) (holding that action to foreclose mortgages on Korean property to satisfy default judgment issued by Wisconsin court was local action that could not be heard in Wisconsin).

Case law on actions seeking to cancel or nullify mortgages seems to be more sparse, but the Supreme Court held in 1880 that such an action was local in nature. *Casey v. Adams*, 102 U.S. 66 (1880). More recently, the Fifth Circuit and a California district court have also persuasively concluded that actions seeking to nullify mortgages are local and must be filed where the property is located. See *Chateau Lafayette Apartments, Inc. v. Meadow Brook Nat'l Bank*, 416 F.2d 301 (5th Cir. 1969) (action seeking cancellation and erasure of mortgage was local in nature and venue was proper where property was located; lender could not require borrower to sue lender at its headquarters in New York); *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1157 n.8, 1158 (C.D. Cal. 2010) (action seeking to quiet title to land in Texas by rescinding mortgage was local and should be transferred to Texas); see also *Monnett v. Turpie*, 132 Ind. 482, 32 N.E. 328 (1892) (Indiana courts could not entertain quiet-title action involving property in another state, but could entertain action in equity to cancel conveyance of properties in Indiana and the other state).

The court recognizes the Receiver's point on the merits, that the intervenors seek to benefit from wrongdoing by the leaders of the fraudulent scheme here, by paying off the Guardian and Liberty mortgages for much less than was actually owed. The merits of that dispute can be resolved in the appropriate court; this court expresses no views on the merits. The more general consideration that the court finds persuasive is that a property owner who believes that a non-resident lender is wrongly asserting a security interest in the property should not be required to litigate the issue in a distant court where the lender is located. The correct venue for such litigation is where the property is located.

Accordingly, the intervenors' motion is hereby granted, and this court's order establishing the Receivership is hereby modified so that intervenors Iglesia and Regions Bank may file their proposed complaint in the United States District Court for the Southern District of Florida and pursue their action in that court. To the extent that these intervenors might need this court's permission under 28 U.S.C. § 959(a) to file suit in Florida, they now have it.

So ordered.

Date: March 31, 2011

_____
DAVID F. HAMILTON, JUDGE
G]h]b[ ˙Vm¨8Yg][bUh]cb

Copies to:

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com

Joshua D. Hague
KRIEG DEVAULT LLP
jdh@kdlegal.com

Charles L. House
ATTORNEY AT LAW
P O Box 26565
1100 Main
Kansas City, MO 64196

Jason Adam Howard
U.S.SECURITIES AND ECHANGE COMMISSION
howardja@sec.gov

H. James Maxwell
hjmesq@kc.rr.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Brett J. Miller
BINGHAM MCHALE LLP
bmiller@binghammchale.com

David I. Rubin
HARRISON & MOBERLY
drubin@h-mlaw.com

Michael Joseph Rusnak
HARRISON & MOBERLY
mrusnak@h-mlaw.com

John Joseph Sikora, Jr.
US SECURITIES & EXCHANGE COMMISSION
sikoraj@sec.gov

Bradley W. Skolnik
STEWART & IRWIN P.C.
bskolnik@stewart-irwin.com

James H. Voyles
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jvoyles@vzphmlaw.com

JOSHUA CRAIG REEVES
832 6th Street
Bettendorf, IA 52722

VAUGHN A. REEVES, SR.
11315 Expedition Way
Louisville, KY 40291

VAUGHN A. REEVES, JR.
5235 Terrace Ridge Dr.
Milford, OH 45150

JONATHAN CHRISTOPHER REEVES
11315 Expedition Way
Louisville, KY 40291-5090

Charles E. Bruess
Special Master
cbruess@indy.rr.com