UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, )
)
Plaintiff, )
) CASE NO. 1:05-cv-1102-DFH-TAB
v. )
)
ALANAR, INC., *et al.*, )
)
Defendants. )

ENTRY ON MOTIONS CONCERNING ALANAR'S 401(k) PLAN

Among the assets that the court-appointed Receiver now manages in this action is a retirement savings plan established and previously operated by Alanar, Inc. The Receiver has moved for a court order terminating the plan and allowing distribution of the assets. The Securities and Exchange Commission has added its own motion for an order barring distribution of any such assets directly to any of the individual defendants who owe large sums of money as court-ordered disgorgement and civil penalties. Opposition to both motions was filed by Tracy J. Enochs Reeves, the wife of defendant Vaughn A. Reeves, Jr. Mrs. Reeves is a named beneficiary of her husband's account.

The parties' submissions do not indicate the existence of any issues of fact that would require an evidentiary hearing on these matters. For the reasons explained in this entry, the court grants the Receiver's motion to terminate the

401(k) plan and grants the SEC's motion to bar distributions directly to any defendant.

On May 19, 2008, this court ordered the individual defendants to disgorge the following amounts, including prejudgment interest for several years: Vaughn A. Reeves, Sr., $3,515,396; Vaughn A. ("Chip") Reeves, Jr., $2,251,566; Jonathan Christopher Reeves, $1,112,680; and Joshua Craig Reeves, $524,792. See *United States Securities and Exchange Commission v. Alanar, Inc.*, 2008 WL 1994854, at *6 (S.D. Ind. May 6, 2008) (stating amounts before interest was calculated). The court also imposed so-called "third tier" civil penalties against each of these four in the amount of $120,000. *Id.* at *7. Most of these debts remain unpaid. Thus far, Vaughn Reeves has paid $471,978.50, and Chip Reeves has paid $8,392.99. The Receiver has marshaled available assets, but thousands of defrauded bondholders will still suffer substantial losses on more than $140,000,000 in bonds that were in default as a result of the defendants' fraud.

Among the assets the Receiver has been charged with managing is a retirement savings plan for Alanar employees ("the 401(k) Plan"). The Receiver reports that the 401(k) Plan has 35 accounts and had assets of approximately $220,000 in August 2010, including a mixture of cash, Alanar "Category A" bonds (for which interest and principal payments were being made ), as well as claims of uncertain value against the rest of the Alanar estate, and non-Alanar investments. The Reeves defendants were all participants in the 401(k) Plan, and their accounts included about 70 percent of the total plan assets and 92 percent of the plan cash.

The Receiver has searched for relevant plan documents needed to qualify for favorable tax treatment pursuant to Section 401(k) of the Internal Revenue Code, but has found essentially nothing of value. It appears that the 401(k) Plan was established in 1995, but the basic plan documents, including amendments to keep the plan in compliance with changing tax requirements, simply do not exist. The Receiver cannot determine whether the 401(k) Plan was initially tax-qualified, and it seems highly unlikely that the 401(k) Plan is currently tax-qualified. With advice of counsel specializing in ERISA, the Receiver has examined the possibility of using the Employee Plans Correction Resolution System established by the Internal Revenue Service, but he has been advised that the complete lack of relevant documentation makes that course impractical.

The Receiver therefore has concluded that the most effective course of action for the sake of the Alanar estate and the creditors is to terminate the 401(k) Plan and distribute the assets to plan participants and beneficiaries. The Receiver has advised the court that such distributions will have tax consequences for those receiving them. The distributions will probably amount to payments of deferred compensation that could be reported with Forms 1099-MISC, without withholding, since Alanar no longer has any active employees. No participants or beneficiaries have argued that the distribution should not be made because of potential tax consequences.

Instead, in opposing the Receiver's motion, Mrs. Tracy Reeves makes two principal points. First, neither she nor other participants and beneficiaries are in a position to agree with or dispute the Receiver's position as to whether the 401(k) Plan was or remains tax-qualified. Second, she points out that the Receiver has operated the 401(k) Plan for several years as if it were tax-qualified, such as by allowing some withdrawals and rollovers upon request. She also suggests that the Receiver might bear some responsibility for the failure to maintain tax-qualified status.

The court is not persuaded that any of these grounds are sufficient reason to deny the relief the Receiver requests. First, as for the lack of information, this is a pending civil case. Discovery procedures have been available to all parties. If Mrs. Reeves or others wanted to conduct discovery on matters related to the 401(k) Plan, they have had ample opportunity to do so in response to the Receiver's motion. They apparently have not done so. Second, the Receiver's routine handling of a few minor withdrawal and rollover requests in the course of managing an estate with claims exceeding $140 million does not establish any sort of estoppel against the Receiver or the estate as to the tax status of the 401(k) Plan. Finally, Mrs. Reeves' suggestion that the Receiver might bear some responsibility for the 401(k) Plan's problems is not supported with actual evidence, and, given the complete absence of documentation from the beginning of the 401(k) Plan, it is sufficiently clear to the court that the Receiver is not the source of the obstacles to tax-qualified status.

Accordingly, the court will grant the Receiver's motion and order termination of the 401(k) Plan and distribution of the available assets to the proper participants and beneficiaries. If issues arise concerning how to do so, the court will be available to resolve disputes.

The SEC has not opposed the Receiver's motion but seeks to ensure that the majority of plan assets, which are in accounts of the Reeves defendants, are used for the benefit of the victims of the fraud and are not distributed directly to the Reeves defendants. The court agrees that the accounts of the Reeves defendants should be used for the benefit of the victims of their fraud.

Accordingly, the court hereby ORDERS as follows:

1.  The Receiver is authorized to terminate the 401(k) Plan established by defendant Alanar, Inc. upon thirty (30) days notice to the 401(k) Plan's participants and beneficiaries.

2.  Except as provided in Paragraph 3, below, the Receiver is authorized to distribute the respective 401(k) Plan account assets directly to the participant or the participant's beneficiary as determined by Alanar's records or available information with no tax withholding unless the participant is an active employee of a Receivership Defendant, in which case normal payroll tax withholding rules apply.

3.  The Receiver is prohibited, however, from making any distributions to defendants Vaughn A. Reeves, Sr.; Vaughn "Chip" Reeves, Jr.; Jonathan Christopher Reeves; and Joshua Craig Reeves (collectively the "Reeves Defendants"), from any assets resulting from the liquidation of the following accounts held in the Alanar 401(k) Plan:

    Vaughn A. Reeves and Judith C. Reeves JTWROS
    Vaughn Reeves, Jr.
    Alanar Incorporated Tr Fbo Christopher Reeves 401-K
    Joshua C. Reeves.

The Receiver is also prohibited from making any distributions to the Reeves Defendants from any assets resulting from the liquidation of any accounts held in the Alanar 401(k) Plan for which it is determined that any of the Reeves Defendants is an ultimate beneficiary.

4.     Any assets withheld from the Reeves Defendants pursuant to Paragraph 3 of this Order shall be turned over to the Receivership Estate for the benefit of harmed investors.

So ordered.

Date: January 26, 2012

DAVID F. HAMILTON, JUDGE
G]H}b[ ˙Vm̄8 Yg][ bU}cb

Copies to:

John P. Cook
John P. Cook & Associates
john.cookassociates@earthlink.net

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com

Joshua D. Hague
KRIEG DEVAULT LLP
jdh@kdlegal.com

Charles L. House
ATTORNEY AT LAW
P.O. Box 26565
1100 Main
Kansas City, MO 64196

Jason Adam Howard
U.S. SECURITIES AND ECHANGE COMMISSION
howardja@sec.gov

H. James Maxwell
hjmesq@kc.rr.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Brett J. Miller
BINGHAM MCHALE LLP
bmiller@binghammchale.com

David I. Rubin
HARRISON & MOBERLY
drubin@h-mlaw.com

Michael Joseph Rusnak
HARRISON & MOBERLY
mrusnak@h-mlaw.com

John Joseph Sikora, Jr.
US SECURITIES & EXCHANGE COMMISSION
sikoraj@sec.gov

James Voyles
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jvoyles@vzphmlaw.com

JOSHUA CRAIG REEVES
832 6th Street
Bettendorf, IA 52722

VAUGHN A. REEVES, SR.
11315 Expedition Way
Louisville, KY 40291

VAUGHN A. REEVES, JR.
5235 Terrace Ridge Dr.
Milford, OH 45150

JONATHAN CHRISTOPHER REEVES
11315 Expedition Way
Louisville, KY 40291-5090

Charles E. Bruess
Special Master
cbruess@indy.rr.com